UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ROBERT C. BARR, III,<br><br>Plaintiff,<br><br>v.<br><br>JUN GARCIA,<br><br>Defendant.<br>_____ / | Case No. 16-cv-13996<br><br>UNITED STATES DISTRICT COURT JUDGE<br>GERSHWIN A. DRAIN<br><br>UNITED STATES MAGISTRATE JUDGE<br>ANTHONY P. PATTI |

**ORDER DISMISSING COMPLAINT PURSUANT TO FED. R. CIV. P. 12(h)(3)**

Plaintiff, Robert C. Barr, III, filed a complaint on November 10, 2016 against his former physician, Dr. Jun Garcia. *See* Dkt. No. 1. Upon review of Plaintiff's complaint, the Court must dismiss this case because the Court lacks jurisdiction over the subject matter.

The Court has a duty to construe a *pro se* plaintiff's pleadings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Here, Plaintiff has filed a complaint alleging that on March 24, 2014, his physician, Garcia, sent him a letter in which Garcia discontinued their doctor-patient relationship as of October 24, 2014, due to Plaintiff's dissatisfaction with his physician's practice. Dkt. No. 1, p. 15 (Pg. ID No. 15). Plaintiff alleges that this act constitutes a Fourth Amendment violation and several state law claims, including "failure to disclose," "unethical discharge

for filing a complaint," "deformation [sic] of character," and "personal injury." *Id.* at 5.

After construing Plaintiff's *pro se* complaint liberally, the Court determines that it lacks subject-matter jurisdiction to consider this complaint. Federal courts are courts of limited jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal district courts "possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree[.]" *Id.* Federal Rule of Civil Procedure 12(h)(3) requires this Court to dismiss an action if, at any time, it determines it lacks subject-matter jurisdiction over the action. *See* FED. R. CIV. P. 12(h)(3).

Plaintiff claims that the basis for jurisdiction is that the case presents a federal question: a Fourth Amendment violation. *Id.* at 4. The Fourth Amendment to the United States Constitution protects against unreasonable searches and seizures by state actors. "[A] wrongful search or seizure conducted by a private party does not violate the Fourth Amendment[.]" *Walter v. United States*, 447 U.S. 649, 656 (1980). Accordingly, as there is no indication that Plaintiff's private physician could be considered a state actor, constrained by the Fourth Amendment, Plaintiff's Fourth Amendment claim must be dismissed with prejudice. As Plaintiff's Fourth Amendment claim was the sole basis upon which federal question jurisdiction relied, this Court lacks subject-matter jurisdiction to consider

Plaintiff's state law claims.

Accordingly, **IT IS ORDERED** that the case is **DISMISSED** pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure.

Dated: November 17, 2016

/s/Gershwin A Drain
HON. GERSHWIN A. DRAIN
United States District Court Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on November 17, 2016, by electronic and/or ordinary mail.

/s/Tanya R Bankston
Deputy Clerk