UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ROBERT C. BARR, III, | |
| Plaintiff, | Case No. 16-cv-13996 |
| v. | UNITED STATES DISTRICT COURT JUDGE GERSHWIN A. DRAIN |
| JUN GARCIA, | UNITED STATES MAGISTRATE JUDGE ANTHONY P. PATTI |
| Defendant. | |

_____/

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION [6]**

**I. INTRODUCTION**

On November 17, 2016, the Court dismissed Plaintiff's Complaint because the Court lacks subject-matter jurisdiction over the action alleged. Dkt. No. 4. On November 22, 2016, the Court received a letter from Plaintiff disputing the timeline within the Court's order. Dkt. No. 6. The Court interprets this letter to constitute a Motion for Reconsideration. *See id.*

Since Plaintiff's Motion for Reconsideration does not provide evidence that the Court made any palpable errors that would result in a different disposition of the case, the Court will **DENY** the Plaintiff's Motion [6].

-1-

## II. Legal Standard

Under this Court's Local Rules, the Court may not grant a motion for reconsideration that merely presents the same issues upon which the Court already ruled. LR 7.1(h)(3) (E.D. Mich. July 1, 2013). Additionally, the movant must demonstrate that there is a palpable defect in the opinion or order under attack and that correcting the defect will result in a different disposition of the case. *Id.*; *Indah v. U.S. S.E.C.*, 661 F.3d 914, 924 (6th Cir. 2011). "A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain." *Hawkins v. Genesys Health Systems*, 704 F. Supp. 2d 688, 709 (E.D. Mich. 2010) (quoting *Ososki v. St. Paul Surplus Lines Ins. Co.*, 162 F. Supp. 2d 714, 718 (E.D. Mich. 2001)).

## III. Discussion

The Court is obligated under Federal Rule of Civil Procedure 12(h)(3) to dismiss an action if, at any time, it determines it lacks subject-matter jurisdiction over the action. *See* Fed. R. Civ. P. 12(h)(3). The Court determined in its previous order that Plaintiff's Complaint had to be dismissed because there was no basis for subject-matter jurisdiction, as there was not complete diversity between the parties and Plaintiff's Fourth Amendment claim could not be brought against a private party. Dkt. No. 4, pp. 2–3 (Pg. ID No. 26–27). The timeline, which Plaintiff disputes, was not relevant to the Court's determination that it lacked subject-matter jurisdiction.

Accordingly, Plaintiff has not shown that the Court has made a palpable defect, and that correcting the defect would result in a different disposition of the case.

### IV. CONCLUSION

For the reasons discussed above, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration [6] is **DENIED.**

IT IS SO ORDERED.

Dated: December 2, 2016            /s/Gershwin A Drain  
Detroit, MI                              HON. GERSHWIN A. DRAIN  
                                              United States District Court Judge